## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MILIKI LEE, | : | |
| Plaintiff | : | No. 1:25-cv-01490 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| J. FRIT (Warden), et al., | : | |
| Defendants | : | |

## MEMORANDUM

Currently before the Court are an application for leave to proceed in forma pauperis and complaint filed by pro se Plaintiff Miliki Lee ("Lee"). For the reasons set forth below, the Court will grant Lee leave to proceed in forma pauperis and will dismiss his complaint with prejudice.

## I.    BACKGROUND

Lee, a convicted and sentenced prisoner,[1] commenced this action by filing a complaint, application for leave to proceed in forma pauperis ("IFP Application"), and prisoner trust fund account statement, all of which the Clerk of Court docketed on August 11, 2025. (Doc. Nos. 1–3.) Lee's account statement was not certified in accordance with 28 U.S.C. § 1915(a)(2);[2] as

---

[1] Lee indicates that he is a convicted and sentenced state prisoner in his complaint even though he is incarcerated at Federal Correctional Institution Schuylkill ("FCI Schuylkill"). See (Doc. No. 1 at 2). According to the publicly available criminal court dockets for the District of Columbia (https://eaccess.dccourts.gov/eaccess/home.page.2), Lee is serving a term of federal imprisonment after pleading guilty to criminal offenses in the Superior Court of the District of Columbia. See United States v. Lee, No. 2023 CF3 007864 (D.C. Super. Ct. filed Oct. 28, 2023). The Court takes judicial notice of this docket for the limited purpose of ascertaining Lee's incarceration status. See Orabi v. Att'y Gen. of the U.S., 738 F.3d 535, 537 n.1 (3rd Cir. 2014) (stating that the court "may take judicial notice of the contents of another [c]ourt's docket"); Wilson v. McVey, 579 F. Supp. 2d 685, 688 n.5 (M.D. Pa. 2008) (taking judicial notice of court docket).

[2] Section 1915(a)(2) states as follows:

A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a

such, an Administrative Order issued requiring the submission of his certified account statement. (Doc. No. 6.)  Lee submitted another account statement several weeks later (Doc. No. 7); however, that account statement was also uncertified, resulting in the issuance of a second Administrative Order requiring submission of Lee's certified account statement (Doc. No. 8). Lee's certified account statement was docketed on September 29, 2025.  (Doc. No. 9.)

In the complaint, Lee names as Defendants "J. Frit" ("Frit"), the purported "(Warden) [Bureau of Prisons ("BOP")]," and Beth A. Rickard ("Rickard"), the Warden of FCI Schuylkill. See (Doc. No. 1 at 1–2.)  Lee alleges that prior to September 26, 2024, he was placed into a cell with James Fields ("Fields"), who is "mentally incapacitated" and "mentally unstable."  See (id. at 3).  On September 26, 2024, Fields attacked Lee "for no apparent reason" and bit off Lee's ear, "mentally and physically disfiguring [Lee] for life."  See (id.).  Lee avers that "respondent" was "well aware of this [and] placed [his] life in danger by putting [him] in a cell with [Fields]." See (id.).

Based on these factual allegations, Lee asserts that his Eighth Amendment right to be free from cruel and unusual punishment was violated.  See (id. at 4).  He indicates that the Eighth Amendment "impose[s] certain basic duties on prison officials," and "the deliberate indifference and reckless disregard for [his] life . . . runs afoul to [sic] the [Eighth] Amendment."  See (id.). For relief, Lee seeks compensatory and punitive damages.  (Id.)

---

certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.

See 28 U.S.C. § 1915(a)(2).

## II.    LEGAL STANDARDS

### A.    Applications for Leave to Proceed in Forma Pauperis

Under 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to commence a civil case "without prepayment of fees or security therefor," if the plaintiff "submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."[3]  See id.  This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts."  Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).  Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. [Deutsch v. United States, 67 F.3d 1080, 1084 (3d Cir. 1995)].  Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating, among other things, that [they are] unable to pay the costs of the lawsuit.  Neitzke, 490 U.S. at 324, 109 S.Ct. 1827.

See Douris, 293 F. App'x at 131–32 (footnote omitted).

A litigant can show that they are unable to pay the costs of the lawsuit "based on a showing of indigence."  See Deutsch, 67 F.3d at 1084 n.5.  The Third Circuit Court of Appeals has not defined what it means to be indigent; nevertheless, "[a] plaintiff need not 'be absolutely destitute to enjoy the benefit of the statute.'"  See Mauro v. N.J. Supreme Ct. Case No. 56,900, 238 F. App'x 791, 793 (3d Cir. 2007) (unpublished) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)).  Some district courts have explained that all a litigant needs to show is that because of their poverty, they cannot afford to pay for the costs of the litigation and

---

[3]  While the Court recognizes that Lee is incarcerated, "[t]he reference to prisoners in § 1915(a)(1) appears to be a mistake.  In forma pauperis status is afforded to all indigent persons, not just prisoners."  See Douris v. Middletown Twp., 293 F. App'x 130, 132 n.1 (3d Cir. 2008) (unpublished).

provide themselves with the necessities of life. <u>See, e.g.</u>, <u>Rewolinski v. Morgan</u>, 896 F. Supp. 879, 880 (E.D. Wis. 1995) ("An affidavit demonstrating that the petitioner cannot, because of his poverty, provide himself and any dependents with the necessities of life is sufficient."); <u>Jones v. State</u>, 893 F. Supp. 643, 646 (E.D. Tex. 1995) ("An affidavit to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is sufficient if it states that one cannot, because of poverty, afford to pay for the costs of litigation and still provide for him- or herself and any dependents.").

**B.    The Court's Screening of Complaints Under 28 U.S.C. §§ 1915A and 1915(e)(2)**

Under 28 U.S.C. § 1915A, this Court must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." <u>See</u> 28 U.S.C. § 1915A(a). If a complaint is frivolous or fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. <u>See</u> <u>id.</u> § 1915A(b)(1). The Court has a similar screening obligation with respect to actions filed by prisoners proceeding <u>in</u> <u>forma</u> <u>pauperis</u>. <u>See</u> <u>id.</u> § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . is frivolous . . . [or] fails to state a claim on which relief may be granted . . . .").

A complaint is frivolous under Sections 1915A(b)(1) and 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact." <u>See</u> <u>Neitzke</u>, 490 U.S. at 325. In addition, when reviewing whether a plaintiff has failed to state a claim upon which relief may be granted under Sections 1915A(b) or 1915(e)(2), the Court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. <u>See, e.g.</u>, <u>Smithson v. Koons</u>, No. 15-cv-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1) [and] § 1915(e)(2)(B)(ii) . . . is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure."), report and recommendation adopted, 2017 WL 3008559 (M.D. Pa. July 14, 2017); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when reviewing a complaint for possible dismissal pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)").  To avoid dismissal under Rule 12(b)(6), a plaintiff must set out "sufficient factual matter" in the complaint to show that their claims are facially plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff.  See id.; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a district court's screening of a complaint under Sections 1915A and 1915(e)(2).  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

In addition, in the specific context of pro se prisoner litigation, the Court must be mindful that a document filed pro se is "to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Higgs v. Att'y Gen., 655 F.3d 333, 339–40 (3d Cir. 2011) (explaining that "when presented with a pro se litigant, we have a special obligation to construe his complaint liberally" (citation and internal quotation marks omitted)).  Therefore, a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by

5

lawyers."  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).  This means the court must "remain flexible, especially 'when dealing with imprisoned pro se litigants . . . .'"  See Vogt v. Wetzel, 8 F.4th 182, 185 (3d Cir. 2021) (quoting Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244–45 (3d Cir. 2013))).

Additionally, when construing a pro se complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it."  See Mala, 704 F.3d at 244.  However, pro se litigants "'cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.'"  See Vogt, 8 F.4th at 185 (quoting Mala, 704 F.3d at 245).

## III.   DISCUSSION

### A.   The IFP Application

After reviewing the IFP Application and Lee's certified prisoner trust fund account statement, the Court concludes that he is unable to pre-pay the costs of this civil action.  Therefore, the Court will grant the IFP Application and allow Lee to proceed in forma pauperis in this case.[4]

### B.   Screening of Lee's Claim

The gist of Lee's Eighth Amendment claim is that he was placed in a cell with James, a prisoner known to be "mentally unstable," ultimately resulting in James attacking and permanently disfiguring Lee.  See (Doc. No. 1 at 3).  Considering that Defendants are identified as federal officials, the Court therefore understands Lee to assert an Eighth Amendment failure-to-protect-against-inmate-on-inmate-violence claim under Bivens v. Six Unknown Named

---

[4]  However, because Lee is a prisoner, he is advised that he will be obligated to pay the filing fees for this case in installments in accordance with the Prison Litigation Reform Act ("PLRA"), regardless of the outcome.  See 28 U.S.C. § 1915(b).

Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), against Defendants. With this

understanding, Lee has failed to state a plausible claim for relief against Defendants and, as a

result, the Court will dismiss his complaint.

Bivens "provides for private rights of action against federal officials for certain

constitutional violations." See Bryan v. United States, 913 F.3d 356, 358 n.1 (3d Cir. 2019);

Murphy v. Bloom, 443 F. App'x 668, 669 n.1 (3d Cir. 2011) (unpublished) ("Bivens recognized

a private cause of action to recover damages against federal actors for constitutional violations,

similar to the cause of action against state actors provided by 42 U.S.C. § 1983."). The Third

Circuit Court of Appeals has described Bivens and the relevant analysis for this Court to

consider when evaluating the viability of a plaintiff's Bivens claim as follows:

> In certain circumstances, the Constitution affords a cause of action for damages
> against individual federal officers to redress violations of constitutional rights.
> Bivens, 403 U.S. at 397, 91 S.Ct. 1999. "In the case giving the doctrine its name,
> the Supreme Court held there is a cause of action for damages when a federal agent,
> acting under color of his authority, conducts an unreasonable search and seizure in
> violation of the Fourth Amendment." [Shorter v. United States, 12 F.4th 366, 371
> (3d Cir. 2021)] (citing Bivens, 403 U.S. at 389, 397, 91 S.Ct. 1999). In the decade
> following Bivens, the Supreme Court recognized two additional causes of action
> under the Constitution: first, for a congressional staffer's gender discrimination
> claim under the Fifth Amendment, see Davis v. Passman, 442 U.S. 228, 244, 99
> S.Ct. 2264, 60 L.Ed.2d 846 (1979), and second, for a federal prisoner's inadequate-
> care claim under the Eighth Amendment, see [Carlson v. Green, 446 U.S. 14, 19,
> 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); Egbert v. Boule, 596 U.S. 482, 490–91, 142
> S.Ct. 1793, 213 L.Ed.2d 54 (2022)].
>
> Since then, the Supreme Court has "consistently refused to extend Bivens liability
> to any new context or new category of defendants," Corr. Servs. Corp. v. Malesko,
> 534 U.S. 61, 68, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001), and "has not implied
> additional causes of action under the Constitution," Egbert, 596 U.S. at 491, 142
> S.Ct. 1793. Instead, in recognition that separation of powers principles are central
> to the analysis, the Court has "made clear that expanding the Bivens remedy is now
> a 'disfavored' judicial activity." [Ziglar v. Abbasi, 582 U.S. 120, 135, 137 S.Ct.
> 1843, 198 L.Ed.2d 290 (2017)] (quoting Iqbal, 556 U.S. at 675, 129 S.Ct. 1937).
> At bottom, the "question is 'who should decide' whether to provide for a damages
> remedy, Congress or the courts?" Id. (quoting Bush v. Lucas, 462 U.S. 367, 380,
> 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983)). "The answer most often will be

Congress," id., as the "Judiciary's authority to do so at all is, at best, uncertain," Egbert, 596 U.S. at 491, 142 S.Ct. 1793. The Constitution entrusts the legislature— not the courts—with the power to fashion new causes of action. And "it is a significant step under separation-of-powers principles for a court to determine that it has the authority, under the judicial power, to create and enforce a cause of action for damages against federal officials in order to remedy a constitutional violation." Abbasi, 582 U.S. at 133, 137 S.Ct. 1843. Therefore, when considering whether to recognize a new implied cause of action for damages under a constitutional provision, "our watchword is caution." [Hernandez v. Mesa, 589 U.S. 93, 101, 140 S.Ct. 735, 206 L.Ed.2d 29 (2020)].

Reflecting these concerns, the Supreme Court has set forth a two-step inquiry to determine the availability of Bivens remedies in a particular case. See Abbasi, 582 U.S. at 139–40, 137 S.Ct. 1843. First, we ask whether the "case presents a new Bivens context"—i.e., whether the "case is different in a meaningful way from previous Bivens cases decided by" the Supreme Court. Id. at 139, 137 S.Ct. 1843. Only three cases serve as a benchmark: Bivens, Davis, and Carlson. "And our understanding of a 'new context' is broad." Hernandez, 589 U.S. at 102, 140 S.Ct. 735.

While the Court has not outlined "an exhaustive list of differences that are meaningful enough to make a given context a new one," factors to be considered include:

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous Bivens cases did not consider.

Abbasi, 582 U.S. at 139–40, 137 S.Ct. 1843. "If a case does not present a new Bivens context, the inquiry ends there, and a Bivens remedy is available." Shorter, 12 F.4th at 372.

Alternatively, if the case presents a new context, we proceed to the second step of the inquiry and ask whether there are "special factors counselling hesitation" in extending Bivens. See Abbasi, 582 U.S. at 136, 137 S.Ct. 1843. The focus at this second step is "on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." Id. At this stage, two factors are "particularly weighty: the existence of an alternative remedial structure and separation-of-powers principles." Bistrian v. Levi, 912 F.3d 79, 90 (3d Cir. 2018) (citing Abbasi, 582 U.S. at 136,

137 S.Ct. 1843).   But any reason to pause is sufficient to forestall a <u>Bivens</u> extension. <u>Hernandez</u>, 589 U.S. at 102, 140 S.Ct. 735.

<u>See</u> <u>Kalu v. Spaulding</u>, 113 F.4th 311, 325–26 (3d Cir. 2024).

Here, Lee fails to state a plausible claim for relief because "no constitutional claim lies against federal officials who fail to protect a prisoner from the violence of other inmates."  <u>See</u> <u>Fisher v. Hollingsworth</u>, 115 F.4th 197, 208 (3d Cir. 2024).  Therefore, Lee "has no cause of action under <u>Bivens</u>," <u>see</u> <u>id.</u>, and the Court will dismiss his complaint for the failure to state a claim under Section 1915(e)(2)(B)(ii).[5]

### C.    Leave to Amend

Having determined that Lee's Eighth Amendment failure-to-protect claim against Defendants is subject to dismissal, the Court must determine whether to grant him leave to file an amended complaint.  Courts should generally give leave to amend but may dismiss a complaint with prejudice where leave to amend would be inequitable or futile.  <u>See</u> <u>Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.</u>, 482 F.3d 247, 252 (3d Cir. 2007) ("[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile."); <u>see also</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002) ("When a plaintiff does <u>not</u> seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that [they have] leave to amend within a set period of time, unless amendment would be inequitable or futile.").  "In determining whether [amendment] would be

---

[5]  Even if the Court determined that <u>Bivens</u> applied to Lee's Eighth Amendment claim, his complaint would be subject to dismissal under Section 1915(e)(2)(B)(ii) because he fails to plead sufficient facts showing that Defendants were personally involved in placing him in the cell with James.  <u>See</u> <u>Iqbal</u>, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to <u>Bivens</u> and [42 U.S.C.] § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

futile, the district court applies the same standard of legal sufficiency as [it] applies under Fed. R. Civ. P. 12(b)(6)." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

Here, granting Lee leave to amend would be futile because he cannot assert a plausible Bivens claim against Defendants for allegedly failing to protect him from being assaulted by another inmate. Accordingly, the Court will dismiss Lee's complaint with prejudice.

## IV.    CONCLUSION

For the reasons stated above, the Court will grant the IFP Application, dismiss the complaint with prejudice, and direct the Clerk of Court to close this case. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

10